**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 17-07489-BKT13 |
| | Chapter 13 |
| JUAN J. GUALLINI INDIJ, RAQUEL MEDINA RAMPOLLA | |
| Debtor(s) | |
| JUAN J. GUALLINI INDIJ, RAQUEL MEDINA RAMPOLLA | Adversary No. 19-00012 |
| Plaintiffs | |
| vs. | |
| BANCO POPULAR DE PUERTO RICO; ABC INSURANCE COMPANY | FILED AND ENTERED ON 10/24/2019 |
| Defendants | |

## <u>OPINION AND ORDER</u>

Before this court is a *Motion to Dismiss* [Dkt. No. 22], filed by Defendant, Banco Popular de Puerto Rico (hereinafter, "BPPR" and/or "Defendant"), an *Opposition to Motion to Dismiss* [Dkt. No. 31] filed by Juan J. Guallini Indij and Raquel Medina Rampolla (hereinafter, "Debtors" and/or "Plaintiffs"), a *Reply to Opposition to Motion to Dismiss the Verified Complaint* [Dkt. No. 40] filed by BPPR, and an *Opposition to BPPR's Motion in Docket No. 40* [Dkt. No. 51] filed by Plaintiffs. BPPR predicates its request for dismissal on Plaintiffs' alleged failure to state a plausible claim in the complaint and on the allegation that Plaintiffs' Complaint

1

is time barred. For the reasons set forth below, BPPR's *Motion to Dismiss* [Dkt No. 22] is **DENIED**.

## I.        Factual Background

The present adversary proceeding stems from a chapter 13 case voluntarily filed by the Debtors on December 27, 2017. The Complaint's claims arise from Plaintiffs' allegations that BPPR acted in violation of the principles of good faith negotiations in patent disregard to Plaintiffs' efforts to mitigate losses.

The Plaintiffs' allege that they began to suffer reductions of their income and other economic hardship situations that affected their payment capacity. Therefore, on or around April 2015, they contacted BPPR, seeking advice for their financial needs to reduce the loan payments on their mortgage loan with BPPR through the process of "modification of monthly payments" and "sale of property."

Plaintiffs contend that BPPR filed a foreclosure proceeding against them and sold Plaintiffs' property to a third party that had a prior agreement with the Plaintiffs, approved by BPPR, for the short-sale purchase of the property.

Plaintiffs assert causes of action for inequitable conduct by BPPR pursuant to Article 1802 of the Puerto Rico Civil Code, the Home Affordable Modification Program ("HAMP"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth-in-Lending Act ("TILA"), pursuant to the aforementioned. Plaintiffs also request damages for BPPR's alleged tortious interference and *culpa in contrahendo*.

In their motion to dismiss before us, BPPR argues that Plaintiff's first cause of action should be dismissed because it fails to state a claim upon which relief can be granted under

2

RESPA. BPPR contends that Plaintiffs' first cause of action is based solely on speculation and incorrect legal conclusions. Furthermore, BPPR contends that Plaintiffs' second cause of action should be dismissed because both the tortious interference claim and the *culpa in contrahendo* claim emanate from the Puerto Rico Civil Code, whose statute of limitation expires one year after the claimant becomes aware of the facts giving rise to the alleged damages. BPPR alleges that Plaintiffs filed the Complaint more than two years after becoming aware of the alleged facts giving rise to their alleged damages, thus, their claim is time barred.

Plaintiffs opposed BPPR's motion to dismiss arguing that the motion to dismiss concentrates its arguments against RESPA violations and its relation to lender's liability claim but, that BPPR's lender liability goes beyond the RESPA violations. Plaintiffs' argue that BPPR's inequitable conduct worthy of sanctions is based on a series of violations to both federal and state law statues which compose the claims against BPPR. Plaintiffs also opposes BPPR's argument that the Complaint is time barred pursuant to Section 108(a) of the Bankruptcy Code, which extends the time periods for actions that could have been taken by the Plaintiffs prepetition.

BPPR replied to Plaintiffs' opposition to the motion to dismiss arguing that Plaintiffs have failed to meet their burden of proof that a cause of action exists for lender liability pursuant to RESPA and that Plaintiffs have also failed to plead the factual elements to support a cause of action under HAMP and TILA. BPPR also argued that Plaintiffs failed to put forth any factual and legal foundation that the cause of action pursuant to the Puerto Rico Civil Code is not time-barred.

Plaintiffs then sur-replied to BPPR's reply arguing that BPPR failed to comply with the

local rules governing reply memorandums, as it raised arguments not confined to the matters raised by the Plaintiffs in their opposition to the motion to dismiss. Plaintiffs also argue that BPPR is engaging in a premature factual contention which should be reserved for later procedural stages, including trial.

## II.     Standard of Review

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)-(i) to adversary proceedings. Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are applicable for "failure to state a claim [upon which relief can be granted] only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Gonzales-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000) (citing, Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Acosta, 464 B.R. 86, 90 (Bankr. D.P.R. 2011). Moreover, "determining whether a complaint states a plausible claim for relief... can be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"[T]he court accepts as true well-pleaded facts and draws all reasonable inferences in the plaintiff's favor." Ocasio-Hernandez v. Fortuno-Burset, 639 F.Supp.2d 217, 221 (D.P.R. 2009). Despite that, this doctrine does not apply to legal conclusions. Ocasio-Hernandez v. Fortuno-Burset, 639 F.Supp.2d 217, 221 (D.P.R. 2009); citing, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d. 868 (2009). Nonetheless, in an opposition to a Rule 12(b)(6) motion, "a plaintiff

4

cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir. 1991). The court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like..." in plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

### III.     Legal Analysis

In the case at hand, BPPR's motion to dismiss argues the dismissal standard of Rule 12(b)(6), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012, by stating that the Complaint falls short of the standards for stating a claim. BPPR also argues that the Complaint is time-barred.

In short, BPPR provides a full throttle defense against Plaintiff's allegations in the Complaint. BPPR's arguments, however, are misplaced at this stage of the proceedings. As previously stated, when evaluating a motion for dismissal pursuant to Rule 12(b)(6), the court must presume that all well pleaded allegations in the complaint are true and look at the allegations in the light most favorable for the Plaintiffs. When adjudicating a motion to dismiss the court must determine whether a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In re Acosta, 464 B.R. at 90. The complaint "... must contain sufficient factual matter to state a claim to relief that is plausible on its face." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir., 2013). citing, Grajales v. Puerto Rico Port Authority, 682 F.3d 40, 44 (1st Cir., 2012). In the instant case, the Plaintiffs have met this burden, for "it is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage. See, Rodriguez-Reyes

v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir., 2013); citing, Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).

For the reasons previously stated, BPPR's *Motion to Dismiss* [Dkt. No. 22] is DENIED. BPPR shall file its answer to the complaint within twenty (20) days. The Clerk to schedule an initial scheduling conference.

SO ORDERED.

In San Juan, Puerto Rico this 24th day of October 2019.

Brian K. Tester
U.S. Bankruptcy Judge

6